# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| CHANSE CEASAR | CIVIL ACTION NO. 6:17-0476 |
|---|---|
| VS. | JUDGE JAMES |
| MILDRED METHVIN, ET AL. | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Chanse Ceasar ("Ceasar"), proceeding in *forma pauperis*, filed the above captioned civil action, presumably pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), wherein the United States Supreme Court implied a cause of action for damages against federal employees who allegedly violate the Constitution.[1]

In his Complaint, Ceasar attempts to set forth federal and Constitutional claims against numerous state and federal judges, as well as numerous private attorneys involved in his prior civil rights action which was removed from state

---

[1] This Court cannot exercise diversity jurisdiction, over any claims asserted by Ceasar under Louisiana State law because complete diversity is lacking. For exercise of this Court's diversity jurisdiction, it is axiomatic that complete diversity is required. Thus, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action. *Exxon v. Allapattah*, 545 U.S. 546, 553, 125 S.Ct. 2611, 2617 (2005) citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806) and *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 375, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). In sum "[i]ncomplete diversity destroys original jurisdiction with respect to all claims" in the action. *Id.* at 2618. Here, Ceasar and all of the named defendants are Louisiana citizens. Accordingly, complete diversity is lacking.

court, dismissed by this court on summary judgment and affirmed by the Fifth Circuit on appeal. *See Ceasar v. City of Eunice,* 6:14-cv-2392 (W.D. La.); *Ceasar v. City of Eunice*, 15-30732, 642 Fed. Appx. 387, 2016 WL 1168583 (5th Cir. 3-24-16), *cert. denied*, 137 S.Ct. 342, 2016 WL 4575012 (10-17-16). Petitioner names the following defendants: Judge Mildred Methvin who presided over plaintiff's prior civil rights action before its removal from the 27th Judicial District Court; Judge Richard T. Haik, the federal district court judge who presided over plaintiff's prior civil rights action after removal and granted the defendants' motion for summary judgment; Judges Higginbotham, Elrod and Southwick, the federal appellate court judges who determined petitioner's case on appeal and affirmed the district court's grant of summary judgment to the defendants; John F. Wilkes, III, Joy C. Rabalais, Ray F. Lucas, III, Tonya R. Smith, Kathy L. Smith, Brenda L. Mistrot, Kyle N. Choate, Taylor R. Stover, Allison M. Ackal and H. Edward Barousse, III, private attorneys who represented the defendants in petitioner's prior civil rights action; and Shannon Battiste, the private attorney who represented petitioner in his prior civil rights action. He seeks monetary damages.

    This matter has been referred to the undersigned for review, report and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

# LAW AND ANALYSIS

## I. Screening

Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an *in forma pauperis* action if, at any time, the court determines that the action is frivolous or fails to state a claim on which relief may be granted. *See* 28 U.S.C. §1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998); *Newsome v. Equal Employment Opportunity Commission*, 301 F.3d 227, 231 (5th Cir. 2002). Section 1915(e)(2)(B) applies equally to prisoner as well as non-prisoner *pauper* cases. *Newsome*, 301 F.3d at 231-33 (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under §1915(e)(2)(B)(i) and (ii)); *Ousse v. Lafayette Parish City Court*, 2013 WL 430585, *1 (W.D. La. 2013). A claim is frivolous if it lacks an arguable basis in law or in fact. *Id.*; *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998); *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint is subject to dismissal for failure to state a claim applying the same standard used to review a dismissal pursuant to Fed.R.Civ.P. 12(b)(6). *Id.*; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). The plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007).

**II. Judicial Immunity**

It is well settled that "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) *(per curiam)*; *Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir. 1995) (*per curiam*); *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993), *abrogated on other grounds by Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359, (1978); *Brandley v. Keeshan*, 64 F.3d 196, 200-201 (5th Cir. 1995), *cert. denied*, 516 U.S. 1129 (1996), *abrogated on other grounds by Wallace v. Kato*, 549 U.S. 384 (2007). The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant. *Boyd*, 31 F.3d at 284 *citing Young v. Biggers*, 938 F.2d 565, 569 fn. 5 (5th Cir. 1991).

Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a

judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' " *Id.* at 10 (citation omitted). Judicial immunity is a matter of policy and is necessary because a judge "should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption [and] [i]mposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation." *Pierson v. Ray*, 386 U.S. 547, 554(1967).

Consequently, judicial immunity cannot be overcome even by allegations of bad faith or malice; judicial immunity "applies even when the judge is accused of acting maliciously and corruptly." *Mireles*, 502 U.S. at 11 *quoting Pierson*, 386 U.S. at 554. In determining whether a judge is entitled to immunity, "[i]t is the Judge's actions alone, not intent, that [courts] must consider." *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993).

Judicial immunity can only be defeated by showing that the judge's actions were of a non-judicial nature or that he acted in the complete absence of jurisdiction. *Boyd,* 31 F.3d at 284 *citing Mireles*, 502 U.S. at 11-12. A judge's acts are judicial in nature if they are "'normally performed by a judge'" and the parties affected "'dealt with the judge in his judicial capacity.'" *Id.* at 285 *citing Mireles*, 502 U.S. at 11-12. "Where a court has some subject-matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Malina,* 994 F.2d at 1125.

5

A Louisiana District Court has original subject matter jurisdiction over all civil proceedings. La. Const. Article 5, § 16(A)(1). Similarly, a federal district court has jurisdiction over federal civil rights actions filed directly and removed to the court, and federal appellate courts have jurisdiction over appeals from all final decisions of district courts within their territory. *See* 28 U.S.C. § 1331, 1343, 1441(a), 1442(a)(1); 1443 and 1291.

Plaintiff's allegations demonstrate that the complained of actions of Judges Mildred Methvin, Richard T. Haik, Higginbotham, Elrod and Southwick were judicial in nature, and were taken in connection with Ceasar's prior civil rights action, an action within the jurisdiction of the courts to which these judges were appointed or assigned. Therefore, Judges Mildred Methvin, Richard T. Haik, Higginbotham, Elrod and Southwick are entitled to absolute immunity, and Ceasar's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

### III. Non-State Actor

To prevail on a civil rights claim under § 1983, a plaintiff must prove that he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under the color of law. 42 U.S.C. § 1983; *Robertson v. Plano City of Texas*, 70 F.3d 21, 23 (5th Cir. 1995); *Banuelos v.*

*McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Under the "color of law" requirement, the defendants in a § 1983 action must have committed the complained-of acts in the course of their performance of duties and have misused power that they possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *United States v. Classic*, 313 U.S. 299, 325 (1941); *Screws v. United States*, 325 U.S. 91, 110 (1944) (plurality opinion).

It is clear that John F. Wilkes, III, Joy C. Rabalais, Ray F. Lucas, III, Tonya R. Smith, Kathy L. Smith, Brenda L. Mistrot, Kyle N. Choate, Taylor R. Stover, Allison M. Ackal and H. Edward Barousse, III, private attorneys who represented the defendants in petitioner's prior civil rights action, and Shannon Battiste, the private attorney who represented petitioner in his prior civil rights action, are not state actors as required for liability under § 1983. To the contrary, they are private citizens who are employed as private attorneys and who were in no way clothed with the authority of state law. These defendants represented their respective clients in Ceasar's prior civil rights action which is clearly insufficient to deem any of these individuals a state actor subject to § 1983 liability. *Mills v. Criminal District Court #3*, 837 F.2d 677, 679 (5th Cir.1988) ("[S]ection 1983 claims require that the conduct complained of be done under color of law, and

private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983."); *see also Hudson v. Hughes,* 98 F.3d 868, 873 (5th Cir.1996) and *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993).

Further, there is no factual basis to support any claim of a conspiracy between these private attorneys and any alleged state actor to support a claim of state action. *Id.; see also Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995) *citing McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222 (5th Cir. 1989), *cert. denied*, 493 U.S. 1083 (1990) ("'mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy."); *Babb v. Dorman,* 33 F.3d 472, 476 (5th Cir. 1994); *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987) (finding that bald, conclusory allegations that a conspiracy exists are insufficient to state a conspiracy claim); *Young v. Biggers*, 938 F.2d at 569; *Rodriguez v. Neeley*, 169 F.3d 220, 222 (5th Cir. 1999).

Based on the allegations in the complaint, Plaintiff's civil rights claims against John F. Wilkes, III, Joy C. Rabalais, Ray F. Lucas, III, Tonya R. Smith, Kathy L. Smith, Brenda L. Mistrot, Kyle N. Choate, Taylor R. Stover, Allison M. Ackal, H. Edward Barousse, III and Shannon Battiste should therefore be dismissed for failure to state claims upon which relief may be granted pursuant to

28 U.S.C. § 1915(e)(2)(B)(ii).

**IV. State Law Claims**

To the extent that Ceasar's allegations may be construed as asserting claims under Louisiana State law, this Court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).

A district court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3); *Nowell v. Acadian Ambulance Service*, 147 F.Supp.2d 495, 510 (W.D. La. 2001). When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims. *Id. citing Bass v. Packwood Hospital*, 180 F.3d 234, 246 (5th Cir. 1999); *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989). However, the dismissal should be without prejudice. *Id*.

In light of the above, all federal claims asserted against the defendants will be dismissed and no federal question will remain before this court. Accordingly, the undersigned recommends that this Court decline supplemental jurisdiction over any state law claims asserted by Ceasar, dismissing those claims without prejudice.

For the reason set forth above;

**IT IS RECOMMENDED** that Ceasar's civil rights complaint and claims

under 42 U.S.C. §1983 be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) for failure to state a claim upon which relief can be granted because Judges Mildred Methvin, Richard T. Haik, Higginbotham, Elrod and Southwick are immune from suit for monetary damages and all remaining defendants are not state actors.

**IT IS FURTHER RECOMMENDED** that Ceasar's claims under Louisiana State law, if any, be **DISMISSED WITHOUT PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United*

*Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this 21st day of April, 2017

_____
**PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE**