# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| CHANSE CEASAR | CIVIL ACTION NO. 17-00476 |
| VERSUS | JUDGE ROBERT G. JAMES |
| MILDRED METHVIN, ET AL. | MAG. JUDGE PATRICK J. HANNA |

## RULING

Pending before the Court is a civil rights Complaint brought by Plaintiff Chanse Ceasar ("Ceasar") pursuant to 42 U.S.C. § 1983 against Defendants Mildred Methvin, Richard T. Haik, Judge Higginbotham, Judge Elrod, Judge Southwick, John F Wilkes, III, Joy C. Rabalais, Ray F. Lucas, III, Tonya R. Smith, Kathy L. Smith, Brenda L. Mistrot, Kyle N. Choate, Taylor R. Stover, Allison M. Ackal, H. Edward Barousse, III, and Shannon Battiste. The Defendants are either state or federal judges or private attorneys who were involved with Ceasar's prior civil rights lawsuit, which was removed from state court and dismissed by this Court on summary judgment. The dismissal was affirmed on appeal to the Fifth Circuit.

On April 21, 2017, after conducting a review, Magistrate Judge Patrick J. Hanna issued a Report and Recommendation [Doc. No. 11] in which he recommended that the Court dismiss this action for failing to state a claim and, to the extent asserted, decline to exercise supplemental jurisdiction over state law claims. Under the facts alleged, Magistrate Judge Hanna found that the judges named as Defendants were entitled to immunity and that the private attorneys were not state actors.

On May 5, 2017, Ceasar filed objections to the Report and Recommendation. In addition to his objections to Magistrate Judge Hanna's analysis and conclusion, he argued that Magistrate

Judge Hanna should have recused in this matter because named Defendant Richard T. Haik was formerly a federal district judge in Lafayette who worked with Magistrate Judge Hanna prior to retiring. The Court issues this Ruling to address Ceasar's argument.

The Court finds no basis for Magistrate Judge Hanna's recusal under 28 U.S.C. § 455. If the Complaint actually asserted a colorable claim for relief against former Judge Haik, then Magistrate Judge Hanna (as well as the undersigned) would consider disqualification. However, where, as here, "judicial immunity is clearly applicable to bar [Ceasar's] claims against the named judges, . . . . a judge need not disqualify himself." *Boswell v. Texas Christian Univ.*, 2014 WL 4650023, at *4 (N.D. Tex. Sept. 16, 2014) (citations omitted). Further, Ceasar has failed to offer any evidence of bias, other than the fact that Magistrate Judge Hanna recommended dismissal of his case. Accordingly, the Court finds nothing improper about Magistrate Judge Hanna's failure to recuse himself, nor his *sua sponte* issuance of a Report and Recommendation. To the extent that Ceasar moved for Magistrate Judge Hanna's recusal, the motion is DENIED.

Accordingly, for the reasons stated in the Report and Recommendation adopted by this Court, Ceasar's civil rights Complaint and claims under 42 U.S.C. § 1983 will be dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over any state law claims, and they will be dismissed without prejudice.

MONROE, LOUISIANA, this 8th day of June, 2017.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

2